## Melvin E. Woolf v. Cornelia E. Sullivan et al.

### Gen. No. 4,604.

1. REAL ESTATE BROKER—*when not entitled to commissions.* A real estate broker is entitled to no commission where he is not faithful to his trust, as in this case, where it appeared that he not only did not procure the purchaser seeking to buy the property,

Woolf v. Sullivan.

but did, in fact, prevent the consummation of the sale to such proposed purchaser.

Bill to remove cloud. Appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed June 1, 1906.

HOPKINS, PEFFERS & HOPKINS, for appellant.

JOHN M. RAYMOND and JOHN K. NEWHALL, for appellees.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Appellee being the owner of a farm containing 160 acres sent her son William to appellant, a real estate agent, to list the farm with him for sale. Appellant, Woolf, drew up an instrument which not only gave to him the exclusive right to sell the farm, but also the right for at least twelve months from the date of the contract to sell or purchase the farm at the price of $125 per acre, he to receive a commission of two per cent. The instrument also provided that it should remain in force and effect until after the expiration of twelve months, if not terminated by written notice to appellant. This instrument was signed ''C. E. Sullivan, per W. S.'' It does not appear that Mrs. Sullivan authorized the making of or ratified this instrument or knew what its contents were; although she did know that, as directed by her, her son had listed the farm with Woolf for sale. The instrument also provided that appellant should retain all money for which the property should be sold over and above the list price of $20,000.

Some nine or ten months thereafter, appellant procured an intended purchaser who proved to be unable to make the cash payments, and the negotiations with him fell through.

In the proceedings under the bill filed by appellee, Woolf claimed that he entered into negotiations to

sell the farm to Messrs. Aucutt & Keck, upon terms that would net Mrs. Sullivan $125 per acre, less two per cent. commission, and informed Mrs. Sullivan thereof; that thereafter she, without his knowledge or consent, made a written contract to sell the farm to Aucutt & Keck for the sum of $22,500 and that thereupon $1,000 was deposited by them in bank to bind the bargain.

Upon the trial it appeared that appellant, having learned that Mrs. Sullivan had made a contract with Aucutt & Keck to sell the farm to them for $22,500, attached to the instrument signed "C. E. Sullivan, per W. S.," an affidavit of its execution and filed the same for ·record. In accordance with the agreement Mrs. Sullivan had made with Aucutt & Keck, she had prepared an abstract of title to the farm, upon which appeared the instrument, before mentioned, which Woolf had caused to be recorded. Aucutt & Keck had previously had conversation with Woolf with reference to the purchase of the farm. At this time Woolf offered to sell them the property for $30,000. After this the contract before mentioned was made by Aucutt & Keck with Mrs. Sullivan. Having discovered the recorded contract, Aucutt & Keck saw Woolf and endeavored to induce him to release the cloud upon the title caused by the recording of the instrument given to him by Mrs. Sullivan's son, William. Woolf offered to release his claim, or, as the witness Aucutt testified "that cloud" for the difference between $22,500 and $30,000. Aucutt & Keck refused to give this, or to go on with the contract they had made with Mrs. Sullivan, and it was surrendered because, as Aucutt testified, "when we found we could not consummate the deal, we released the contract. I took back the thousand dollars."

Thereupon Mrs. Sullivan filed her bill against· Woolf, to remove the cloud caused by the filing of the instrument he had recorded. Woolf answered the bill

Woolf v. Sullivan.

setting up the instrument heretofore mentioned signed "C. E. Sullivan, per W. S.," as a contract by her made, giving to him the right to sell or buy the property for the sum of $20,000 cash, and further setting up that on the 7th day of November, 1902, "and while the said contract was in full force and effect, he applied to the said Cornelia E. Sullivan, and offered to pay her the sum of twenty thousand dollars, being the purchase price of the said land according to the said agreement, upon her delivering to this defendant a sufficient warranty deed for the said premises, according to the said agreement."

Woolf also, June 17, 1904, filed a cross-bill setting up the said instrument as the contract of appellee, and offering to pay her the purchase price of $20,000 mentioned therein, and praying that she be required to make a deed of the premises to him. Upon the hearing, the court rendered a decree finding the instrument heretofore mentioned to be a cloud upon the title of appellee, and ordered that the same be cancelled. The court further ordered that the cross-bill of appellant be dismissed at his cost. From this decree appellant has appealed, claiming in this court that he is entitled to the sum of $2,900, made up of $2,500, the sum in excess of $20,000 for which Mrs. Sullivan could have sold the farm to Aucutt & Keck, and 2 per cent upon $20,000, making in all $2,900, which appellant insists he is entitled to receive under the instrument signed "C. E. Sullivan, per W. S."

William Sullivan had no authority from his mother, appellee, to sign her name to the instrument under which the claim of appellant is made. He did have authority to employ appellant to sell the farm. Had appellant been the efficient cause of procuring the offer made by Aucutt & Keck, he would have been entitled to the reasonable and customary commissions for such service; but having been employed by Mrs. Sullivan to sell her farm, he could not, without violating

his duty to her, do anything to prevent the sale of the farm by her, being, as heretofore said, entitled so long as his agency existed, to commissions on any sale which she made, of which he was the effective cause. Instead of being faithful to his agency, he, as he had no right to do, recorded an instrument which clouded her title and prevented her making a sale, as she had arranged, to Aucutt & Keck. Such being the case, he is not entitled to commissions for a sale which he not only did not bring about, but prevented.

The decree of the Circuit Court is affirmed.

*Affirmed.*